THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00172-MR

| | |
|---|---|
| KIM VICTOR BEAL, Individually and as Executor of the Estate of DARREL VICTOR BEAL, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Strike Tim Oury as a Defense Expert and to Exclude His Testimony at Trial [Doc. 11].

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

This case is on remand from the MDL-875 in the Eastern District of Pennsylvania. While the case was pending before the MDL Court, the Defendant Crane Co. filed its Rule 26(a)(1) Initial Disclosures which identified Dr. Oury and other individuals as potential lay and expert witnesses to this action. Pursuant to the scheduling order issued by the

MDL Court on February 28, 2013, all Defendants were required to submit and endorse their expert reports by May 30, 2013.

Prior to May 30, 2013, Crane Co., along with several other Defendants in this case, including Trane U.S. and Ingersoll-Rand, retained Dr. Oury as an expert witness in this case. [See Invoice, Doc. 13-1 at 1]. Following his retention, Dr. Oury reviewed the relevant evidence and issued a report regarding Mr. Darrell Beal's ("Decedent") injuries. [See Oury Report, Doc. 13-1 at 3]. Dr. Oury's report is not specific to any defendant; rather, Dr. Oury's report analyzes the injuries to the Decedent and opines as to the general types of products and fiber-types that caused the Decedent's injuries. [See id.].

On May 30, 2013, Crane Co. submitted its Rule 26(a)(1) disclosures which listed Dr. Oury as a potential witness. [See Crane Co. Rule 26(a) Disclosures, Doc. 13-1 at 5]. In conjunction with the Rule 26(a)(1) disclosures, Crane Co. also submitted its expert disclosures and reports; however, Dr. Oury was not included in these expert disclosures. Crane Co. submits that this omission was inadvertent. In accordance with the MDL Court's scheduling order, Trane U.S. and Ingersoll-Rand also submitted its Rule 26(a)(1) and (a)(2) disclosures on May 30, 2013. Included in these

Defendants' expert disclosures was Dr. Oury, and his report was provided to the Plaintiff at that time. [See Expert Designations, Doc. 13-1 at 13].

Following the remand of this case, on November 26, 2013, counsel for the parties conducted a telephone conference to discuss the status report to be submitted to the Court. During that telephone conference, counsel for Crane Co. notified Plaintiff's counsel that Crane Co. intended to rely on Dr. Oury's expert opinion in this case. This motion followed.

**II. ANALYSIS**

Rule 37(c) of the Federal Rules of Civil Procedure states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Court has "broad discretion" to determine whether a nondisclosure of evidence is substantially justified or harmless. United States v. $134,750 U.S. Currency, 535 F. App'x 232, 238 (4th Cir. 2013) (citation omitted).

The Fourth Circuit has stated the following test for determining whether a party's nondisclosure is substantially justified or harmless:

> [I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1)

3

> exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States Rack and Fixture, Inc. v. Sherwin-Williams, Co., 318 F.3d 592, 597 (4th Cir. 2003).

An analysis of the five factors identified by the Fourth Circuit in Southern States leads the Court to conclude that Crane Co.'s omission in listing Dr. Oury as an expert witness was harmless. First, Trane U.S. and Ingersoll-Rand both timely identified Dr. Oury and provided the Plaintiff with a copy of his opinion for this case on May 30, 2013. At the same time, Crane Co. identified Dr. Oury as a potential expert witness in its Rule 26(a)(1) disclosures. Further, it should be noted that Dr. Oury's report is not specific to any particular defendant and is equally applicable to the defendants which explicitly disclosed him and to Crane Co. Accordingly, Plaintiff cannot claim surprise by the contents of Dr. Oury's opinion.

With respect to the second factor, any prejudice to the Plaintiff by Crane Co.'s delayed disclosure of this expert witness can easily be cured. This matter is currently scheduled for trial during the May 2014 trial term.

Thus, the Plaintiff has ample opportunity to depose this witness prior to the trial of this matter. Further, allowing Dr. Oury to testify would have no effect or disruption on the trial proceedings in this case, thereby satisfying the third Southern States factor.

With respect to the fourth factor of the Southern States test, Dr. Oury's testimony appears to be highly relevant to Crane Co.'s defenses, as it relates directly to the issue of whether products such as those manufactured by Crane Co. could actually have caused the Decedent's injury. As causation is an essential element of Plaintiff's North Carolina negligence and products liability claims, Dr. Oury's report and testimony at trial appears to be central to Crane Co.'s defenses.

The final factor identified in Southern States is whether the party has a sufficient justification for failing to disclose the witness. Here, Crane Co. contends that the omission of Dr. Oury from its expert disclosures was inadvertent and unintentional. Even though Dr. Oury was not specifically identified as an expert by Crane Co., he was listed in Crane Co.'s Rule 26(a)(1) initial disclosures as a potential expert witness and, as previously noted, his expert report was provided to the Plaintiff by the other Defendants who had jointly retained Dr. Oury along with Crane Co. Crane

Co.'s initial disclosures and the other Defendants' expert disclosures were served on the Plaintiff on the same day.

Upon weighing the <u>Southern States</u> factors, and for the reasons stated above, the Court concludes that Crane Co.'s omission of Dr. Oury in its Rule 26(a)(2) disclosures is harmless and does not prejudice the Plaintiff. Accordingly, the Plaintiff's Motion to Strike is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Strike Tim Oury as a Defense Expert and to Exclude His Testimony at Trial [Doc. 11] is **DENIED**.

**IT IS SO ORDERED.**   Signed: March 18, 2014

Martin Reidinger
United States District Judge